# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ICON HEALTH & FITNESS, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ISAAC CALDERON**, an individual, **MAHONRY J. SANCHEZ**, an individual, and **VENTO NORTH AMERICA, LLC**, a California limited liability company, collectively doing business as **LIME PRO EQUIPMENT USA**,<br><br>Defendants. | Civil Action No. 1:12-cv-00109-DAK<br><br><br>**SCHEDULING ORDER AND ORDER VACATING HEARING**<br><br>**JURY DEMANDED**<br><br><br>Honorable Judge Dale A Kimball |

Pursuant to Fed.R. Civ P. 16(b), the Magistrate Judge[i] received the Attorneys' Planning Report filed by counsel (docket #28).  The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

IT IS ORDERED that the Initial Pretrial Hearing set for October 10, 2012, at 11:00 a.m. is VACATED.

**Counsel for Plaintiff are directed to file an Amended Scheduling Order within 15 days of the resolution of claim construction, and a trial date will be set at that time.**

**\*\*ALL TIMES 11:59 PM UNLESS INDICATED\*\***

| 1. | | **PRELIMINARY MATTERS** | **DATE** |
|---|---|---|---|

Nature of claims and any affirmative defenses:

ICON Health & Fitness, Inc.'s ("ICON") complaint asserts claims that Isaac Calderon, Mahonry J. Sanchez, and Vento North America, LLC ("Defendants" or "LimePro") infringe United States Patent No. 5,772,560 ("'560 Patent"), infringe ICON's trademarks, are engaged in unfair competition, and have breached agreements with ICON regarding prior litigation. ICON is seeking a judgment that Defendants are liable for infringement of one or more of the claims of the '560 Patent, infringement of ICON's trademarks, unfair competition, breach of contract, and related wrongs. ICON sees damages and injunctive relief, as well as all other remedies outlines in ICON's complaint.

Defendants deny ICON's claims and present defenses set forth in their answer.

| | a. | Was Rule 26(f)(1) Conference held? | <u>09/06/2012</u> |
|---|---|---|---|
| | b. | Has Attorney Planning Meeting Form been submitted? | <u>09/10/2012</u> |
| | c. | Was 26(a)(1) initial disclosure completed? | <u>To be completed on 11/12/2012</u> |
| **2.** | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum Number of Depositions by Plaintiff(s) | <u>10</u> |
| | b. | Maximum Number of Depositions by Defendant(s) | <u>10</u> |
| | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | <u>7</u> |
| | d. | Maximum Interrogatories by any Party to any Party | <u>25</u> |

|   |   |   |
|---|---|---|
| e. | Maximum requests for admissions by any Party to any Party | <u>35</u> |
| f. | Maximum requests for production by any Party to any Party | <u>Unlimited</u> |

g.  Discovery of electronically stored information should be handled as follows:

The parties are required to maintain and search electronically stored information that is presently active. At an appropriate time, the parties agree to identify the terms that will be used by the other party to search electronically stored information that is presently active.

If a party requests a search of electronically stored information that is not presently active, including for example a search of information stored on a backup tape, the requesting party shall bear the cost of performing that search.

The parties agree that electronically stored information will be produced in the form of searchable TIFF images with Summation Load Files. Upon request, the producing party will provide any document in its native format. The parties further agree that backup tapes created on a daily and weekly bases can be recycled and do not have to be preserved.

h.  Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows:

The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: The parties will submit a joint motion for entry of a protective order that will include a mechanism for addressing claims of privilege or protection as trial preparation material asserted after production.

| 3. | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[ii] | **DATE** |
|---|---|---|
| a. | Last Day to File Motion to Amend Pleadings | <u>01/11/2013</u> |
| b. | Last Day to File Motion to Add Parties | <u>01/11/2013</u> |

| | | | |
|---|---|---|---|
| **4.** | | **RULE 26(a)(2) REPORTS FROM EXPERTS**[iii] | **DATE** |
| | a. | Party bearing the burden | 45 days after close of fact discovery |
| | b. | Responsive reports | 45 days after report(s) served of party bearing the burden |
| | c. | Supplemental reports | 105 days after close of fact discovery |
| **5.** | | **OTHER DEADLINES** | **DATE** |
| | a. | Patent claim construction related deadlines: | |
| | | Parties exchange proposed patent terms and claim elements for construction | 02/22/2013 |
| | | Parties exchange preliminary patent claim constructions and supporting extrinsic evidence | 02/22/2013 |
| | | Meet and confer regarding terms and constructions | 03/08/2013 |
| | | File joint claim construction and prehearing statement | 03/15/2013 |
| | | Claim construction discovery deadline | 04/12/2013 |
| | | Plaintiff serves opening claim construction brief | 04/12/2013 |
| | | Defendants serve responsive claim construction brief | 05/03/2013 |
| | | Plaintiff serves reply claim construction brief | 05/13/2013 |
| | b. | Statement disclosing whether a party will rely on advice of counsel as a defense to a charge of willful infringement | 30 days after claim construction hearing |

    c.    Discovery to be completed by:

| | |
|---|---|
| Fact discovery | <u>90 days after claim construction ruling</u> |
| Expert discovery | <u>105 days after close of fact discovery</u> |

    d.    *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e)     <u>30 days prior to pretrial conference</u>

    e.    Deadline for filing dispositive or potentially dispositive motions     <u>60 days prior to pretrial conference</u>

**6.**     **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**      **DATE**

    a.    Referral to Court-Annexed Mediation:      <u>Yes</u>

    b.    Referral to Court-Annexed Arbitration      <u>No</u>

    c.    Evaluate case for Settlement/ADR on      <u>30 days after claim construction ruling</u>

    d.    Settlement probability:      <u>Good</u>

**7.**     **TRIAL AND PREPARATION FOR TRIAL**      **TIME**      **DATE**

    a.    Rule 26(a)(3) Pretrial Disclosures[iv]

        Plaintiff      <u>*00/00/00*</u>

        Defendant      <u>*00/00/00*</u>

|   |   |   |   |   |
|---|---|---|---|---|
| b. | Objections to Rule 26(a)(3) Disclosures<br>(if different than 14 days provided in Rule) | | | <u>14 days after service of Rule 26(a)(3) disclosures</u> |
| c. | Special Attorney Conference[v] on or before | | | <u>*00/00/00*</u> |
| d. | Settlement Conference[vi] on or before | | | <u>*00/00/00*</u> |
| e. | Final Pretrial Conference | | ___:___ _.m. | <u>*00/00/00*</u> |
| f. | Trial | <u>Length</u> | | |
|    | i. Bench Trial | *# days* | ___:___ _.m. | <u>*00/00/00*</u> |
|    | ii. Jury Trial | *# days* | ___:___ _.m. | <u>*00/00/00*</u> |

**8.     OTHER MATTERS**

Counsel should contact chambers staff of the judge presiding in the case regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

Signed September 12, 2012

*/s/ Evelyn J. Furse*
Evelyn J. Furse, U.S. Magistrate Judge

---

[i] The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5).  The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately assigned or referred to that Magistrate Judge.

[ii] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[iii] A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party.  This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

[iv] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[v] The Special Attorneys Conference does not involve the Court.  Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case.  Witnesses will be scheduled to avoid gaps and disruptions.  Exhibits will be marked in a way that does not result in duplication of documents.  Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[vi] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.